UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

FILED
JAMES J. VILT, JR. - CLERK
AUG 12 2026
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES OF AMERICA

INDICTMENT

v.

NO. 4:26cr-18-GNS

18 U.S.C. § 2
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(A)
21 U.S.C. § 841(b)(1)(B)
21 U.S.C. § 841(b)(1)(C)
21 U.S.C. § 846
21 U.S.C. § 853

**TRAVIEL CIVILS (1, 2, 3, 4, 5, 6, 7, 8)**
**ADAM PETTUS (1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11)**
**ROBERT RICE (1, 10, 12)**
**TERON COX (1, 12, 13)**
**BROOK POE (1)**
**JAMES GUNN (1, 11)**
**KOREY MASON (1)**

The Grand Jury charges:

COUNT 1
*(Conspiracy to Possess with the Intent to Distribute Controlled Substances)*

Beginning on a date unknown to the Grand Jury, but at least as early as February 9, 2026, and continuing to on or about July 19, 2026, in the Western District of Kentucky, Hopkins County, Kentucky, and elsewhere, the defendants, **TRAVIEL CIVILS**, **ADAM PETTUS**, **ROBERT RICE**, **TERON COX**, **BROOKE POE**, **JAMES GUNN**, and **KOREY MASON**, knowingly and intentionally conspired and agreed together and with each other, and with other persons known and unknown to the Grand Jury, to knowingly and intentionally possess with the intent to distribute, and distribute, fifty (50) grams or more of methamphetamine, and five-hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine, both Schedule II controlled substances, as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(B)(ii)(II), and 846.

The Grand Jury further charges:

COUNT 2
(*Distribution of Cocaine*)

On February 9, 2026, in the Western District of Kentucky, Hopkins County, Kentucky, the defendants, **TRAVIEL CIVILS** and **ADAM PETTUS**, aided and abetted by each other and others, knowingly and intentionally distributed a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, as defined in Title 21, United States Code, Section 812.

In violation of Title 18, United States Code, Section 2, and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

The Grand Jury further charges:

COUNT 3
(*Distribution of Cocaine*)

On February 16, 2026, in the Western District of Kentucky, Hopkins County, Kentucky, the defendants, **TRAVIEL CIVILS** and **ADAM PETTUS**, aided and abetted by each other and others, knowingly and intentionally distributed a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, as defined in Title 21, United States Code, Section 812.

In violation of Title 18, United States Code, Section 2, and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

The Grand Jury further charges:

COUNT 4
(*Distribution of Cocaine*)

On March 2, 2026, in the Western District of Kentucky, Hopkins County, Kentucky, the defendants, **TRAVIEL CIVILS** and **ADAM PETTUS**, aided and abetted by each other and others, knowingly and intentionally distributed a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, as defined in Title 21, United States Code, Section 812.

In violation of Title 18, United States Code, Section 2, and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

The Grand Jury further charges:

COUNT 5
(*Distribution of Methamphetamine*)

On March 5, 2026, in the Western District of Kentucky, Hopkins County, Kentucky, the defendants, **TRAVIEL CIVILS** and **ADAM PETTUS**, aided and abetted by each other and others, knowingly and intentionally distributed 5 grams or more of methamphetamine, a Schedule II controlled substance, as defined in Title 21, United States Code, Section 812.

In violation of Title 18, United States Code, Section 2, and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

The Grand Jury further charges:

COUNT 6
(*Distribution of Cocaine*)

On March 12, 2026, in the Western District of Kentucky, Hopkins County, Kentucky, the defendants, **TRAVIEL CIVILS** and **ADAM PETTUS**, aided and abetted by each other and

others, knowingly and intentionally distributed a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, as defined in Title 21, United States Code, Section 812.

In violation of Title 18, United States Code, Section 2, and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

The Grand Jury further charges:

COUNT 7
(*Distribution of Methamphetamine*)

On March 13, 2026, in the Western District of Kentucky, Hopkins County, Kentucky, the defendants, **TRAVIEL CIVILS** and **ADAM PETTUS**, aided and abetted by each other and others, knowingly and intentionally distributed 50 grams or more of methamphetamine, a Schedule II controlled substance, as defined in Title 21, United States Code, Section 812.

In violation of Title 18, United States Code, Section 2, and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

The Grand Jury further charges:

COUNT 8
(*Distribution of Methamphetamine*)

On March 25, 2026, in the Western District of Kentucky, Hopkins County, Kentucky, the defendants, **TRAVIEL CIVILS** and **ADAM PETTUS**, aided and abetted by each other and others, knowingly and intentionally distributed 50 grams or more of methamphetamine, a Schedule II controlled substance, as defined in Title 21, United States Code, Section 812.

In violation of Title 18, United States Code, Section 2, and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

The Grand Jury further charges:

COUNT 9
(*Distribution of Methamphetamine*)

On April 16, 2026, in the Western District of Kentucky, Hopkins County, Kentucky, the defendant, **ADAM PETTUS**, knowingly and intentionally distributed 50 grams or more of methamphetamine, a Schedule II controlled substance, as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

The Grand Jury further charges:

COUNT 10
(*Distribution of Methamphetamine*)

On June 3, 2026, in the Western District of Kentucky, Hopkins County, Kentucky, the defendants, **ROBERT RICE** and **ADAM PETTUS**, aided and abetted by each other and others, knowingly and intentionally distributed 50 grams or more of methamphetamine, a Schedule II controlled substance, as defined in Title 21, United States Code, Section 812.

In violation of Title 18, United States Code, Section 2, and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

The Grand Jury further charges:

COUNT 11
(*Possession with the Intent to Distribute Methamphetamine*)

On June 6, 2026, in the Western District of Kentucky, Hopkins County, Kentucky, the defendants, **ADAM PETTUS** and **JAMES GUNN**, aided and abetted by each other and others, knowingly and intentionally possessed with the intent to distribute 5 grams or more of

methamphetamine, a Schedule II controlled substance, as defined in Title 21, United States Code, Section 812.

In violation of Title 18, United States Code, Section 2, and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

The Grand Jury further charges:

COUNT 12
(*Possession with the Intent to Distribute Methamphetamine*)

On July 19, 2026, in the Western District of Kentucky, Hopkins County, Kentucky, and elsewhere, the defendants, **TERON COX** and **ROBERT RICE**, aided and abetted by each other and others, knowingly and intentionally possessed with the intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, as defined in Title 21, United States Code, Section 812.

In violation of Title 18, United States Code, Section 2, and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

The Grand Jury further charges:

COUNT 13
(*Possession with the Intent to Distribute Cocaine*)

On July 19, 2026, in the Western District of Kentucky, Hopkins County, Kentucky, and elsewhere, the defendant, **TERON COX**, knowingly and intentionally possessed with the intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

NOTICE OF FORFEITURE

As a result of committing offenses in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(B)(viii), 841(b)(1)(C), and 846, as specifically charged in this Indictment, felonies punishable by imprisonment for more than one year, the defendants, **TRAVIEL CIVILS**, **ADAM PETTUS**, **ROBERT RICE**, **TERON COX**, **BROOKE POE**, **JAMES GUNN**, and **KOREY MASON**, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, proceeds the defendants obtained directly or indirectly, as a result of said offenses, and any and all of the defendants' property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of the violations alleged in this Indictment.

A TRUE BILL.

REDACTED

REDACTED

KYLE G. BUMGARNER
UNITED STATES ATTORNEY

KGB:RNR

UNITED STATES OF AMERICA v. **TRAVIEL CIVILS,** ***et al.***

## PENALTIES

| | |
|---|---|
| Count 1: | NL 10 yrs./NM Life/$10,000,000/both/NL 5 yrs./NM Life Supervised Release<br>(NL 15 yrs./NM Life/$20,000,000/both/NL 10 yrs./NM Life Supervised Release<br>(with notice of one prior conviction))<br>(NL 25 yrs./NM Life/$20,000,000/both/NL 10 yrs./NM Life Supervised Release<br>(with notice of two prior convictions)) (methamphetamine)<br>NL 5 yrs./NM 40 yrs./$5,000,000/both/NL 4 yrs./NM Life Supervised Release<br>(NL 10 yrs./NM Life/$8,000,000/both/NL 8 yrs./NM Life Supervised Release<br>(with notice of one prior conviction)) (cocaine) |
| Counts 2-4, 6, 13: | NM 20 yrs./$1,000,000/both/NL 3 yrs./NM Life Supervised Release<br>(NM 30 yrs./$2,000,000/both/NL 6 yrs./NM Life Supervised Release<br>(with notice of one prior conviction)) (each count) |
| Counts 5, 11: | NL 5 yrs./NM 40 yrs./$5,000,000/both/NL 4 yrs./NM Life Supervised Release<br>(NL 10 yrs./NM Life/$8,000,000/both/NL 8 yrs./NM Life Supervised Release<br>(with notice of one prior conviction)) (each count) |
| Counts 7-10, 12: | NL 10 yrs./NM Life/$10,000,000/both/NL 5 yrs./NM Life Supervised Release<br>(NL 15 yrs./NM Life/$20,000,000/both/NL 10 yrs./NM Life Supervised Release<br>(with notice of one prior conviction))<br>(NL 25 yrs./NM Life/$20,000,000/both/NL 10 yrs./NM Life Supervised Release<br>(with notice of two prior convictions)) |
| Forfeiture | |

## NOTICE

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual<br>$125 per count/other | Felony: | $100 per count/individual<br>$400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due immediately unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following:**

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

   For offenses occurring after December 12, 1987:

   No **INTEREST** will accrue on fines under $2,500.00.

   **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two-week period after the date a fine is imposed.

   **PENALTIES** of:

   10% of fine balance if payment more than 30 days late.

   15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 361

If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

| | |
|---|---|
| LOUISVILLE: | Clerk, U.S. District Court<br>106 Gene Snyder U.S. Courthouse<br>601 West Broadway<br>Louisville, KY 40202<br>502/625-3500 |
| BOWLING GREEN: | Clerk, U.S. District Court<br>120 Federal Building<br>241 East Main Street<br>Bowling Green, KY 42101<br>270/393-2500 |
| OWENSBORO: | Clerk, U.S. District Court<br>126 Federal Building<br>423 Frederica<br>Owensboro, KY 42301<br>270/689-4400 |
| PADUCAH: | Clerk, U.S. District Court<br>127 Federal Building<br>501 Broadway<br>Paducah, KY 42001<br>270/415-6400 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.